## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE NECK HAMMOCK, INC., a Delaware corporation,<br><br>     Plaintiff,<br><br>vs.<br><br>KAMYAB GHATAN, an individual; OEAGRUS INC., a Canadian corporation; and JOHN DOES 1 through 10, doing business as "Oeagrus, Inc." on www.amazon.com,<br><br>     Defendants. | **Case No: 2:19-cv-00501-DAK-DBP**<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST KAMYAB GHATAN AND OEAGRUS, INC.**<br><br>**District Judge Dale A. Kimball**<br>**Magistrate Judge Dustin B. Pead** |

On this day, the Court considered the parties' stipulated Motion for a Permanent Injunction. After consideration of the motion, and for good cause shown, the court makes the following findings of fact and conclusions of law:

### FINDINGS AND CONCLUSIONS

1.　　Plaintiff The Neck Hammock, Inc. ("NH"), is a Delaware corporation having its business address at 830 Hill Street, Apt. E, Santa Monica, California 90405.

2.　　Defendant Kamyab Ghatan ("Ghatan"), is an individual and resident of Ontario, Canada, with a residential address of 34 Steepleview Crescent, Richmond Hill, ON L4C 9R3, Canada.

3.　　Defendant Oeagrus, Inc., a Canadian corporation with a business address of 34

1

Steepleview Crescent, Richmond Hill, ON  L4C 9R3, Canada (Ghatan and Oeagrus, Inc. are collectively referred to herein as "Oeagrus").

4.     The Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks); 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction).

5.     This Court has jurisdiction because the Accused Products are alleged to infringe in violation of 35 U.S.C. § 271 and 15 U.S.C. §§ 1114 and 1125, with the knowledge or understanding that such products are sold in the State of Utah in this District.

6.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim took place in this District.  Venue is proper under 28 U.S.C. § 1391 (c)(3) and 28 U.S.C. § 1400(b) because Defendants are foreign persons or corporations subject to personal jurisdiction in this District.

**TRADEMARK INFRINGEMENT**

7.     The Neck Hammock, Inc. ("NH") owns United States Trademark Registration Nos. 5,626,795; 5,439,768; 5,557,079 (the "NH Trademarks").

8.     The NH Trademarks are valid and enforceable.

9.     There is a likelihood of confusion between Plaintiff's Neck Hammock® products and the products (the "Accused Products") previously available for sale at Amazon ASIN B07KDK9DWM and URL https://www.amazon.com/gp/product/B07KDK9DWM/ using the NH Trademarks.

10.     Such actions constitute trademark infringement in violation of 15 U.S.C. § 1114(a) and unfair competition in violation of 15 U.S.C. §1125(a).

11.     NH is entitled to an injunction against further infringement of the NH Trademarks

pursuant to 15 U.S.C. § 1116.

12.     Judgment is entered in favor of NH on its claims of trademark infringement and unfair competition.  This Judgment fully and finally resolves, for purposes of res judicata and collateral estoppel, any and all issues of trademark infringement and unfair competition arising out of the allegations of the Complaint.

### COPYRIGHT INFRINGEMENT

13.     NH is the owner of United States Copyright Registration No. VA 2-090-260 (the "NH Copyright") which was duly and legally issued by the United States Copyright Office on January 7, 2018.

14.     The NH Copyright is valid and enforceable.

15.     Images protected by the NH Copyright were displayed at Amazon ASIN B07KDK9DWM and URL  https://www.amazon.com/gp/product/B07KDK9DWM/  using the NH Trademarks in violation of NH's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work, in violation of the Copyright Act.

16.     NH has suffered irreparable harm and is entitled to a permanent injunction against further infringement of the NH Copyright.

17.     Judgment is entered in favor of NH on its claims of copyright infringement.  This Judgment fully and finally resolves, for purposes of res judicata and collateral estoppel, any and all issues of copyright infringement arising out of the allegations of the Complaint.

### PATENT INFRINGEMENT

18.     NH is the owner of the following U.S. Patents: 10,307,284 (the "'284 Patent"; D824,035 (the "'D035 Patent"); D845,492 (the "'D492 Patent"); D845,494 (the "'D494 Patent") (the "NH Patents").

19.     The claims of the NH Patents are valid and enforceable.

20.     Accused Products sold at Amazon ASIN B07KDK9DWM and URL

https://www.amazon.com/gp/product/B07KDK9DWM/ infringe one or more claims of the NH

Patents in violation of 35 U.S.C. § 271(a).

21.     NH has suffered irreparable harm and is entitled to a permanent injunction against

further infringement of the NH Patents.

22.     Judgment is entered in favor of NH on its claims of patent infringement.  This

Judgment fully and finally resolves, for purposes of res judicata and collateral estoppel, any and

all issues of patent infringement arising out of the allegations of the Complaint.

### FINDINGS ON PERMANENT INJUNCTION

23.     NH has prevailed on the merits of its claims for trademark infringement, unfair

competition, copyright infringement, and patent infringement.

24.     NH has suffered and will continue to suffer irreparable harm by reason of

continued infringement and wrongful conduct.

25.     The balance of hardships and public policy favor the issuance of a permanent

injunction in favor of NH.

### PERMANENT INJUNCTION

26.     Defendants, their officers, agents, servants, employees, and all persons acting in

active concert or participation with it who receives actual notice of this injunction by personal

service or otherwise, are hereby permanently enjoined as follows:

   a.  Defendants are enjoined from using any of the NH Trademarks, United States
       Trademark Registration Nos. 5,626,795; 5,439,768; 5,557,079, or any
       confusingly similar mark, in connection with any product, packaging, product
       listing, domain name, business name, or any other form of product
       identification.

   b.  Defendants are enjoined from producing, reproducing, distributing, copying,

or using any graphic or pictorial representation protected by the NH Copyright, United States Copyright Registration No. VA 2-090-260, or any substantially similar variation thereof, in connection with any product, packaging, product listing, or any other product sale.

c.  Defendants are enjoined from making, having made, using, selling, advertising, manufacturing, importing, or distributing the Accused Products, or any colorable imitation thereof which infringes any of the NH Patents, in the United States or available for shipment into the United States until the last of the NH Patents expires or is no longer in force.

d.  Defendants are required to remove and/or immediately destroy all internet advertising and promotional materials within the direct control of Defendants, whether such materials are in print, electronic, or other media that contain the NH Trademarks or NH Copyrights.

27.    All parties shall bear their respective attorneys' fees and costs.  The terms of the Settlement Agreement between the parties and this Judgment are to be construed together.

28.    The Court shall maintain jurisdiction over this action for purposes of enforcement of this Permanent Injunction and Consent Judgment and the Settlement Agreement between NH and Defendants.

DATED this 17th day of March, 2020.

BY THE COURT:

DALE A. KIMBALL
U.S. DISTRICT JUDGE


APPROVED AS TO FORM:


/s/ Randall B. Bateman*
Randall B. Bateman
BATEMAN IP

Attorney for Defendants

*signature added with permission